■ JOSEPH VESCIA, Appellant, v ROBERT MELAHN, Respondent, et al., Defendant.—In a negligence action to recover damages for personal injuries,

etc., plaintiff appeals from a judgment of the Supreme Court, Nassau County, entered December 30, 1974, after a jury trial, which is in favor of defendant Melahn. Judgment affirmed, without costs or disbursements. Appellant, traveling in one of the two eastbound lanes of Jericho Turnpike, struck a portion of a utility pole which was obstructing the roadway, causing his car to overturn. The obstruction had been propelled onto the roadway when respondent, traveling in a westbound lane, negligently drove his car off the road and into the main body of the pole. The accidents occurred during light rain in the early hours of the morning. Nevertheless, plaintiff testified that he had unimpaired vision of the roadway for at least 150 feet. He further testified that, approaching the accident site, there were no cars in the eastbound lanes and he saw no cars or headlights in the westbound lanes. The jury was, therefore, warranted in concluding that defendant's crash had occurred at a significantly earlier time and that plaintiff could have seen and avoided the obstruction had he exercised due care. The consequent finding by the jury that plaintiff was guilty of contributory negligence required dismissal of the complaint. Hopkins, Acting P. J., Cohalan and Rabin, JJ., concur; Martuscello and Shapiro, JJ., dissent and vote to reverse the judgment and grant a new trial, with the following memorandum: In our opinion, the finding that plaintiff was guilty of contributory negligence was contrary to the weight of the evidence. The accident occurred in darkness on a misty and drizzling night, as plaintiff's vehicle ascended a rise in the roadway. Plaintiff was proceeding where he had a right to be, and the utility pole in the roadway was not visible to him, or distinguishable from the roadway surface. Defendant's negligence in previously hitting this pole and causing it to fall onto the roadway is unquestioned. Under the circumstances, the jury had no rational basis upon which the conclusion might be drawn that plaintiff's fault contributed to the accident.